IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED BIONICS AG and ADVANCED BIONICS, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> MED-EL ELEKTROMEDIZINISCHE GERÄTE GmbH and MED-EL CORPORATION, USA, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Advanced Bionics AG ("AB AG") and Advanced Bionics, LLC ("AB LLC") (collectively, "AB" or "Plaintiffs") and Defendants MED-EL Elektromedizinische Geräte GmbH ("MED-EL GmbH") and MED-EL Corporation, USA ("MED-EL USA") (collectively, "MED-EL" or "Defendants") have previously litigated their patent disputes in this district, where a jury found MED-EL to be a willful infringer of two AB patents. *See MED-EL Elektromedizinische Geräte Ges.m.b.H., et al. v. Advanced Bionics, LLC, et al.*, C.A. No. 18-1530-JDW (D. Del.). AB now brings this Complaint against MED-EL for infringement of two additional patents, and hereby alleges as follows:

### THE PARTIES

1. Plaintiff AB AG is a Swiss corporation with a place of business at Laubisrütistrasse 28, 8712 Stäfa, Switzerland.

2. Plaintiff AB LLC is a limited liability corporation organized under the laws of Delaware, with its headquarters and principal place of business at 28515 Westinghouse Place, Valencia, CA 91355. AB LLC is a wholly-owned indirect subsidiary of AB AG.

3. Defendant MED−EL GmbH is a corporation organized under the laws of Austria with its headquarters and principal place of business at Fürstenweg 77a, 6020 Innsbruck, Austria.

4. Defendant MED-EL USA is a corporation organized under the laws of Massachusetts, with its headquarters and principal place of business at 2645 Meridian Parkway, Suite 100, Durham, NC 27713.  MED-EL USA is a wholly-owned subsidiary of MED-EL GmbH.

## JURISDICTION AND VENUE

5. AB brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant MED-EL GmbH does not reside in the United States.  Accordingly, venue is proper in this district as to MED-EL GmbH pursuant to the provisions of 28 U.S.C. §§ 1391(c)(3) and 1400(b).

7. Defendant MED-EL USA is a wholly-owned subsidiary of MED-EL GmbH, and previously brought suit with MED-EL GmbH against AB in this district in C.A. No. 18-1530-JDW.  Through its community website hearlife.medel.com, MED-EL offers the services of a Consumer Engagement Manager for the state of Delaware.  Upon information and belief, MED-EL USA also has committed acts of infringement in this district, as its website lists two clinics that support MED-EL cochlear implant systems in this district.  Therefore, venue is proper in this district as to MED-EL USA.

## THE PATENTS-IN-SUIT

### The '945 Patent

8. United States Patent No. 7,317,945 (the "'945 Patent"), titled "Method and System to Convey the Within-Channel Fine Structure with a Cochlear Implant," was duly and legally issued by the United States Patent and Trademark Office on January 8, 2008.

9. A certified true and correct copy of the '945 Patent is attached hereto as **Exhibit A**.

10. AB AG is the assignee of the '945 Patent and has the right to sue and recover damages for any current or past infringement of the '945 Patent.

11. The '945 patent is generally directed to processing incoming sound wave information and accurately conveying this information as perceived sounds by generating electrical impulses in the cochlea. More specifically, the '945 patent is directed to capturing and translating fine time structure ("FTS") in incoming sounds and delivering this information to the cochlea. FTS is the fast varying information present in sounds, and it has been shown to be essential for recognition of musical melodies and for finely discerning other sounds.

### The '706 Patent

12. United States Patent No. 8,422,706 (the "'706 Patent"), titled "Methods and Systems for Reducing an Effect of Ambient Noise Within an Auditory Prosthesis System," was duly and legally issued by the United States Patent and Trademark Office on April 16, 2013.

13. A certified true and correct copy of the '706 Patent is attached hereto as **Exhibit B**.

14. AB AG is the assignee of the '706 Patent and has the right to sue and recover damages for any current or past infringement of the '706 Patent.

15. The '706 patent is generally directed to reducing the effect of ambient noise within a cochlear implant. Ambient noise can impede hearing in many cochlear implant patents. The '706 patent claims methods and systems in which audio signals are divided into channel(s) containing a frequency domain signal, and noise reduction is applied using those frequency domain signals.

### MED-EL'S INFRINGEMENT

16. As explained on AB's website and illustrated in the figures below, a cochlear implant system includes both external components, including a sound processor that converts

sound waves into digital signals, and internal components, including an implant that stimulates the cochlea to convey the digital signals to the brain.



17. The '945 and '706 Patents, and the accused technologies in this case, relate to cochlear implant systems and components thereof, and specifically relate to functionality for processing and managing audio signals that are presented to users of cochlear implants, including by presenting fine time structure and noise-reduced signals, as part of presenting "sound" to a patient's cochlea. The Accused Products include, without limitation, MED-EL's cochlear implant systems and components thereof, and more specifically MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 sound processors used as part of MED-EL's cochlear implant systems, and all

components sold to work in conjunction with these sound processors as part of MED-EL's cochlear implant systems.

### The '945 Patent

18. Soundwaves are composed of slow-varying information or an "envelope" of sound, and fast-varying information or fine time structure ("FTS"). FTS can be essential for recognition of musical melodies and for finely discerning tonal sounds prominent in language. *See, e.g.,* Ex. A at 1:16–20. As MED-EL itself touts, FTS "is ideal for reproducing the complex tones in music," "help[s] improve understanding of tonal languages … as well as understanding vowels and monosyllabic words," and "give[s] richer and fuller hearing." Ex. E, https://blog.medel.com/technology/how-a-cochlear-implant-hears-sounds/.

19. As the '945 Patent explains, "conventional method[s] of processing sound" "discarded … the fast-varying components present in each frequency band (or stimulation channel)" of a cochlear implant. Ex. A at 1:20–30. The '945 Patent describes innovations to processing sound by cochlear implants that include "a stimulation strategy that accurately conveys the FTS." *Id.* at 1:60–62.

20. Claim 1 of the '945 Patent recites:

> 1. A cochlear stimulation system for capturing and delivering fine time structure (FTS) in incoming sounds, the system comprising:
> an electrode array, having a plurality of electrodes for placing into a duct of a human cochlea;
> a plurality of stimulation channels connected to the electrode array, each stimulation channel connected to at least one electrode in the electrode array;
> an envelope extractor for extracting a slowly varying frequency envelope in the incoming sound;
> an FTS analyzer for estimating the FTS information within a frequency band; and
> a current navigator, which uses the identified dominant FTS component at each band of frequency and precisely directs, employing virtual electrodes, stimulation to each place of the cochlea that spatially corresponds to the identified dominant FTS component.

21. As shown in **Exhibit C**, MED-EL's cochlear implant systems, including the SONNET 2, SONNET 2 EAS, and RONDO 3 Audio Processors used as part of MED-EL cochlear implant systems, meet each and every limitation of claim 1 of the '945 Patent, either literally and/or under the doctrine of equivalents.

22. MED-EL has induced, and continues to induce, the infringement of at least claim 1 of the '945 Patent by encouraging, recommending, and promoting the use of SONNET 2, SONNET 2 EAS, and RONDO 3 Audio Processors used as part of MED-EL cochlear implant systems in a manner that infringes at least claim 1 of the '945 Patent.

23. MED-EL has contributed, and continues to contribute, to the infringement of at least claim 1 of the '945 Patent by offering to sell and selling SONNET 2, SONNET 2 EAS, and RONDO 3 Audio Processors used as part of MED-EL cochlear implant systems, which are especially made or adapted for use in an infringing manner and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

24. On information and belief, MED-EL knew of the '945 Patent, and knew or was willfully blind to the fact that MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 Audio Processors used in conjunction with MED-EL cochlear implants infringe the '945 Patent.

25. MED-EL has been aware of the '945 Patent since at least as early as November 14, 2011, when it identified the '945 Patent to the U.S. Patent and Trademark Office during the prosecution of MED-EL's U.S. Patent No. 8,639,359. The '945 Patent is listed on the face of MED-EL's U.S. Patent No. 8,639,359.

26. On August 16, 2024, AB notified MED-EL of its infringement of the '945 Patent when it provided MED-EL a courtesy copy of AB's Complaint filed in DN #3768. MED-EL has been on notice of its infringement since at least as early as that time.

**The '706 Patent**

27. Because conventional cochlear implant systems directly stimulate the auditory nerve, noisy environments can be a significant impediment to hearing perception by cochlear implant users. For example, ambient noise present in a noisy restaurant can adversely affect a cochlear implant user's hearing perception by diminishing the ability of the user to perceive particular sounds of interest (e.g., a conversation with a dining partner). *See, e.g.,* Ex. B at 1:58–63. MED-EL has recognized this problem, stating that "noise can be challenging for [cochlear implant] users, as it has been shown to impact speech understanding and increase listening effort." Ex. F, https://computationalaudiology.com/wp-content/uploads/2021/06/Automatic-Sound-Management-3.0-white-paper.pdf, at Abstract.

28. The '706 Patent discloses and claims innovative systems and methods of "reducing an effect of ambient noise within an auditory prosthesis system," thus eliminating distracting and challenging noises for cochlear implant users and improving their hearing perception and listening experience. *See, e.g.,* Ex. B at 3:9–11.

29. Claim 12 of the '706 Patent recites:

> 12. A system comprising:
> a frequency analysis facility configured to a divide an audio signal presented to an auditory prosthesis patient into a plurality of analysis channels each containing a frequency domain signal representative of a distinct frequency portion of the audio signal;
> a noise reduction facility communicatively coupled to the frequency analysis facility and configured to
> determine a noise reduction gain parameter for each of the frequency domain signals based on a signal-to-noise ratio of each of the frequency domain signals, and
> apply noise reduction to the frequency domain signals in accordance with the determined noise reduction gain parameters to generate a noise reduced frequency domain signal corresponding to each of the analysis channels; and
> a stimulation strategy facility communicatively coupled to the noise reduction facility and configured to generate one or more stimulation parameters based on the noise reduced frequency domain signals and in accordance with at

least one of a current steering stimulation strategy and an N-of-M stimulation strategy.

30. As shown in **Exhibit D**, MED-EL's cochlear implant systems, including the SONNET 2, SONNET 2 EAS, and RONDO 3 Audio Processors used as part of MED-EL cochlear implant systems, meet each and every limitation of claim 12 of the '706 Patent, either literally and/or under the doctrine of equivalents.

31. MED-EL has induced, and continues to induce, the infringement of at least claim 12 of the '706 Patent by encouraging, recommending, and promoting the use of SONNET 2, SONNET 2 EAS, and RONDO 3 Audio Processors used as part of MED-EL cochlear implant systems in a manner that infringes at least claim 12 of the '706 Patent.

32. MED-EL has contributed, and continues to contribute, to the infringement of at least claim 12 of the '706 Patent by offering to sell and selling SONNET 2, SONNET 2 EAS, and RONDO 3 Audio Processors used as part of MED-EL cochlear implant systems, which are especially made or adapted for use in an infringing manner and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

33. On information and belief, MED-EL knew of the '706 Patent, and knew or was willfully blind to the fact that MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 Audio Processors used as part of MED-EL cochlear implant systems infringe the '706 Patent.

34. On August 17, 2024, AB notified MED-EL of its infringement of the '706 Patent when it provided MED-EL a courtesy copy of AB's Complaint filed in DN #3768. MED-EL has been on notice of its infringement since at least as early as that time.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,317,945)

35. AB incorporates by reference Paragraphs 1-34 of these Counterclaims as if fully set forth herein.

36. An actual and justiciable controversy exists between AB on the one hand, and MED-EL on the other hand, concerning MED-EL's infringement of the '945 Patent.

37. MED-EL has infringed, and continues to infringe, at least claim 1 of the '945 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing its cochlear implant systems and components thereof, and specifically MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 sound processors used as part of MED-EL's cochlear implant systems, and all components sold to work in conjunction with these sound processors as part of MED-EL's cochlear implant systems.

38. MED-EL has induced, and continues to induce, the infringement of at least claim 1 of the '945 Patent in violation of 35 U.S.C. § 271(b) by encouraging, recommending, and promoting the use of MED-EL's cochlear implant systems and components thereof, and specifically MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 sound processors used as part of MED-EL's cochlear implant systems, and all components sold to work in conjunction with these sound processors as part of MED-EL's cochlear implant systems, by physicians, audiologists, and patients in the United States.

39. MED-EL has contributed, and continues to contribute, to the infringement of at least claim 1 of the '945 Patent in violation of 35 U.S.C. § 271(c) by offering to sell and selling MED-EL cochlear implant systems and components thereof, and specifically MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 sound processors used as part of MED-EL's cochlear implant systems, and all components sold to work in conjunction with these sound processors as part of MED-EL's cochlear implant systems, which are especially made or adapted for use in an infringing manner and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

40. On information and belief, MED-EL knew of the '945 Patent, and knew or was willfully blind to the fact that such use of MED-EL cochlear implant systems and components thereof, and specifically MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 sound processors used as part of MED-EL's cochlear implant systems, and all components sold to work in conjunction with these sound processors as part of MED-EL's cochlear implant systems, by physicians, audiologists, and patients would infringe the '945 Patent.

41. AB has been damaged, and continues to be damaged, by MED-EL's infringement of the '945 Patent in an amount to be determined at trial.

42. AB has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless MED-EL's infringement of the '945 Patent is enjoined by this Court.

43. On information and belief, MED-EL's infringement of the '945 Patent is, and has been, willful.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 8,422,706)

44. AB incorporates by reference Paragraphs 1-34 of these Counterclaims as if fully set forth herein.

45. An actual and justiciable controversy exists between AB on the one hand, and MED-EL on the other hand, concerning MED-EL's infringement of the '706 Patent.

46. MED-EL has infringed, and continues to infringe, at least claim 12 of the '706 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing its cochlear implant systems and components thereof, and specifically MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 sound processors used as part of MED-EL's

cochlear implant systems, and all components sold to work in conjunction with these sound processors as part of MED-EL's cochlear implant systems, in the United States.

47. MED-EL has induced, and continues to induce, the infringement of at least claims 1, 12, and 20, among others, of the '706 Patent in violation of 35 U.S.C. § 271(b) by encouraging, recommending, and promoting the use of MED-EL's cochlear implant systems and components thereof, and specifically MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 sound processors used as part of MED-EL's cochlear implant systems, and all components sold to work in conjunction with these sound processors as part of MED-EL's cochlear implant systems, by physicians, audiologists, and patients in the United States.

48. MED-EL has contributed, and continues to contribute, to the infringement of at least claims 1, 12, and 20, among others, of the '706 Patent in violation of 35 U.S.C. § 271(c) by offering to sell and selling MED-EL cochlear implant systems and components thereof, and specifically MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 sound processors used as part of MED-EL's cochlear implant systems, and all components sold to work in conjunction with these sound processors as part of MED-EL's cochlear implant systems, which are especially made or adapted for use in an infringing manner and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

49. On information and belief, MED-EL knew of the '706 Patent, and knew or was willfully blind to the fact that such use of MED-EL cochlear implant systems and components thereof, and specifically including MED-EL's cochlear implant systems and components thereof, and specifically MED-EL's SONNET 2, SONNET 2 EAS, and RONDO 3 sound processors used as part of MED-EL's cochlear implant systems, and all components sold to work in conjunction

with these sound processors as part of MED-EL's cochlear implant systems, by physicians, audiologists, and patients would infringe the '706 Patent.

50. AB has been damaged, and continue to be damaged, by MED-EL's infringement of the '706 Patent in an amount to be determined at trial.

51. AB has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless MED-EL's infringement of the '706 Patent is enjoined by this Court.

52. On information and belief, MED-EL's infringement of the '706 Patent is, and has been, willful.

## DEMAND FOR JURY TRIAL

AB AG and AB LLC hereby respectfully request a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

A. The entry of judgment that MED-EL infringes, and has infringed, the '945 and '706 Patents;

B. A permanent injunction against MED-EL and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with MED-EL, from infringing the '945 and '706 Patents;

C. An award of all damages adequate to compensate AB for MED-EL's infringement of the '945 and '706 Patents, such damages to be determined by a jury, and if necessary an accounting to adequately compensate AB for the infringement;

D. An award of treble damages as a result of MED-EL's willful infringement of the '945 and '706 Patents;

E. An award of pre-judgment and post-judgment interest in connection with MED-EL's infringement of the '945 and '706 Patents at the maximum rate allowed by law;

  F. An order finding that this is an exceptional case and awarding AB its respective costs, expenses, disbursements, and reasonable attorneys' fees in connection with MED-EL's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

  G. Such other further relief, in law or in equity, as this Court deems just and proper.

*Of Counsel:*

Marcus E. Sernel, P.C.
Greg Polins
Tareq M. Alosh
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

Dated: August 20, 2024

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Advanced Bionics AG and Advanced Bionics, LLC*